IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: EDWARD F. TITUS ) <br> JESSICA A. TITUS ) <br> **Debtor(s)** ) <br> ) <br> AMERICREDIT FINANCIAL SERVICES, INC. ) <br> dba GM FINANCIAL ) <br> **Moving Party** ) <br> ) <br> v. ) <br> ) <br> EDWARD F. TITUS ) <br> JESSICA A. TITUS ) <br> **Respondent(s)** ) <br> ) <br> SCOTT F. WATERMAN ) <br> **Trustee** | CHAPTER 13 <br><br> Case No.: 18-17422 (JKF) <br><br> **Hearing Date: 8-21-19 at 9:30 AM** <br><br> 11 U.S.C. 362 |

**STIPULATION OF SETTLEMENT OF MOTION OF GM FINANCIAL FOR RELIEF FROM THE AUTOMATIC STAY**

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay by William E. Craig, Esquire, attorney for AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), and the Debtors having opposed such Motion through their counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That GM Financial is the holder of a first purchase money security interest in a 2013 Jeep Wrangler bearing vehicle identification number 1C4AJWAG7DL609333.

2. That the parties stipulate that the Debtors' account has post-petition arrears through August 2019 in the amount of $3,045.72; that with the addition of counsel fees and costs for the instant motion in the amount of $531.00, the total amount to be cured is $3,576.72.

3. That the Debtors are to cure the arrearage set forth in paragraph three (3) above by making their regular monthly payment of $507.96 plus an additional $596.12 (for a total monthly payment of $1,140.08) for the months of September 2019 through February 2020.

4. That commencing September 2019, if the Debtors fail to make any payment within thirty (30) days after the date it falls due, GM Financial may file a Certification of Default with the Court and serve it on all interested parties. Five days after receipt of said Certification Of Default, the Court shall enter an Order granting relief from the automatic stay unless an objection has been filed, specifying the reasons for the objection; in which case the Court will set a hearing on the objection.

5. That the Debtors must maintain proper insurance coverage. There must be full comprehensive and collision coverage deductibles of $500.00 each. GM Financial must be listed as the loss payee. If the Debtors fails to maintain proper vehicle insurance coverage, or the Debtors fails to provide proof of such coverage upon request by GM Financial then, GM Financial may file a Certification of Default with the Court and serve it on all interested parties. Five days after receipt of said Certification Of Default, the Court shall enter an Order granting relief from the automatic stay unless an objection has been filed, specifying the reasons for the objection; in which case the Court will set a hearing on the objection.

6. That GM Financial shall only be required to file one Certificate Of Default before being entitled to stay relief. For a second Certificate of Default filed by GM Financial for default of the terms of this Stipulation, the Debtor may only oppose same on the basis that payments were timely made, and by attaching proof of payments made timely under the terms of this Stipulation.

7. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtors

/s/ William E. Craig
William E. Craig, Esquire
Attorney for GM Financial

/s/ Polly A. Langdon
Polly A. Langdon
For Scott Waterman
Chapter 13 Trustee