Case 18-17422-amc Doc 93-1 Filed 06/06/23 Entered 06/06/23 12:49:02 Desc Main
Exhibit - Court Approved Stipulation Page 1 of 3

Case 18-17422-amc Doc 53 Filed 06/04/19 Entered 06/04/19 13:42:16 Desc Main
Document Page 1 of 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
EDWARD F. TITUS
JESSICA A. TITUS

Debtors

CHAPTER 13

BK. No. 18-17422 JKF

## ORDER

AND NOW, this 4th day of June, 2019, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved. xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx The Settlement is doc. no.52.

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors or assignees.

**JEAN K. FITZSIMON,**
**Bankruptcy Judge**

SCOTT WATERMAN, ESQ.
CHAPTER 13 TRUSTEE
2901 ST. LAWRENCE AVE.
SUITE 100
READING, PA 19606

BRAD J. SADEK, ESQ.
SADEK AND COOPER
1315 WALNUT STREET
SUITE 502
PHILADELPHIA, PA 19107

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
833 CHESTNUT STREET
SUITE 500
PHILADELPHIA, PA 19107

EDWARD F. TITUS
1601 HEATHER DRIVE
DOWNINGTOWN, PA 19335

JESSICA A. TITUS
1601 HEATHER DRIVE
DOWNINGTOWN, PA 19335

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
EDWARD F. TITUS
JESSICA A. TITUS

        Debtors

CHAPTER 13

BK. No. 18-17422 JKF

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **LSF10 MASTER PARTICIPATION TRUST**, and BRAD J. SADEK, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **1601 HEATHER DRIVE, DOWNINGTOWN, PA 19335-3577**, mortgage account ending with **"9717"**.

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of March 2019 through May 2019 at $1,626.08 each; attorney fees and costs in the amount of $1,031.00; less Debtors' suspense in the amount of $46.19; resulting in the total post-petition arrearage amount of $5,863.05.

4. Upon execution of this Stipulation, Debtors shall tender funds in the amount of $966.41, reducing the post-petition arrearage amount to $4,896.64.

5. Beginning June 1, 2019, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $1,626.08, plus the additional payment in the amount of $816.09, for a total monthly payment amount of $2,442.17.

6. Beginning July 1, 2019, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $1,626.08, plus the additional payment in the amount of $816.11, for a total monthly payment amount of $2,442.19. The Debtors will continue to pay this amount each month from July 1, 2019 through and including November 1, 2019 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **CALIBER HOME LOANS, INC., P.O. BOX 650856, DALLAS, TX 75265-0856**.

6. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and Co-Debtor stay under §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable

9. Debtors' tendering of a check to **CALIBER HOME LOANS, INC.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 30, 2019

Jerome Black, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

BRAD J. SADEK, ESQUIRE
Attorney for Debtor